# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AARON M. CROSS,

    *Petitioner*,

vs.

RENE BAKER, *et al.*,

    *Respondents*.

3:13-cv-00125-HDM-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.  The filing fee has been paid, although petitioner has filed a pauper application apparently in connection with his motion for appointment of counsel.

Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).  Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

### *Background*

Petitioner Aaron Cross challenges his 1999 Nevada state conviction, pursuant to a jury verdict, of two counts of sexual assault.  He is serving two consecutive life sentences with the possibility of parole on each such sentence after a minimum of ten years.

The papers presented together with the available online docket records of the state courts reflect the following.

1  The judgment of conviction was filed on April 30, 1999. Petitioner did not file a direct
2 appeal, and the time for doing so expired on Tuesday, June 1, 1999, following the Memorial
3 Day holiday.
4  According to the federal petition, Cross filed a state post-conviction petition on April 17,
5 2000. The state district court denied relief, and the Supreme Court of Nevada affirmed. The
6 remittitur issued on December 3, 2002.
7  On or about October 27, 2003, petitioner mailed a federal petition to the Clerk of this
8 Court for filing, which was docketed under No. 3:03-cv-00591. By an order entered on
9 November 4, 2003, the Court denied petitioner's application to proceed *in forma pauperis* and
10 gave him until December 12, 2003, to pay the $5.00 filing fee. The order stated: "If petitioner
11 fails to do so, this action may be dismissed." Petitioner thereafter did not pay the filing fee.
12 By an order and final judgment entered on January 5, 2004, the Court dismissed the action
13 without prejudice for failure to pay the filing fee.
14  Nearly eight years later, on or about October 9, 2011, petitioner mailed a letter to the
15 Clerk of this Court that was filed in No. 3:03-cv-00591. The letter stated:

> I'm writing to inquire about a case that was submitted to the court on October 30, 2003 [CV-N-03-0591-DWH(VPC)]. The documents I have indicate that the case was dismissed without prejudice on January 2, 2004 [CV-N-03-0591-LRH(VPC)]. At that time I was under the belief that Dismissed Without Prejudice indicated that the petition was dismissed without the ability to be refiled. Recently it has come to my attention that I was incorrect in that belief. Was, at that time, the petition able to be refiled in the federal court? Additionally, can the petition still, at this time, be refiled in the federal court?  or [sic] has the time for refiling lapsed?
>
> I would greatly appreciate clarification on this matter.

23 No. 3:03-cv-00591, #7.
24  On October 14, 2011, the Court sent petitioner a minute order noting that neither the
25 Court nor the Clerk's Office could give legal advice, that a document requesting a court order
26 must be styled as a motion rather than a letter, and that letters would be disregarded.
27  Over a year later, on or about February 25, 2013, petitioner mailed the present federal
28 petition to the Clerk of this Court for filing.

### *Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, the limitation period therefore began running after the time expired for taking a direct appeal, *i.e.*, after June 1, 1999.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review.

According to the petition, Cross filed a state post-conviction petition on or about April 17, 2000, which would be after 320 days had elapsed in the federal limitation period, taking into account that 2000 was a leap year. After the remittitur issued on December 3, 2002, which concluded the state post-conviction proceedings, the federal limitation period therefore would expire 45 days later, on January 27, 2003, absent other tolling or delayed accrual.

The federal petition in this matter was not mailed for filing until on or about February 25, 2013, more than a full decade after the federal limitation period had expired, absent further tolling or delayed accrual. The petition therefore is untimely on its face.

Under established law, the prior federal petition in No. 3:03-cv-00591-LRH-VPC did not toll the federal limitation period. *See Duncan v. Walker*, 533 U.S. 167 (2001). That prior petition in any event also was untimely on its face, because the petition was constructively filed on or about October 27, 2003, nine months after the federal limitation period already had expired.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence under current law, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, as to all of the charges pending against him in the case prior to the plea. *See House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*). Petitioner additionally should assume in responding to the show-cause order that he also must demonstrate that he has been pursuing his rights diligently in order to overcome the federal time-bar based upon alleged actual innocence. *See McQuiggin v. Perkins*, 133 S.Ct. 527 (2012)(currently considering issue on *certiorari* review).

The Court will hold all pending motions, including petitioner's motion for appointment of counsel, under submission pending review of petitioner's *pro se* response to this show-cause order. The Court does not find that the interests of justice require the appointment of

counsel at this juncture to respond to the show-cause order. This order further does not imply that the petition is free of additional deficiencies. *Inter alia*, the Court expresses no opinion at this juncture as to whether additional physical suit records not currently available on the Court's electronic docketing system may reflect that the current petition is a successive petition, if another prior petition has been denied on the merits.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

DATED: March 15, 2013

_____
HOWARD D. MCKIBBEN
United States District Judge